Appeal from Third District.

## THERO v. FRANKLIN.

No. 2852.   Decided July 12, 1916.   Rehearing denied November 23, 1916 (160 Pac. 1188).

1. Courts—Jurisdiction—Presumption.   Although as to facts touching which a domestic record is silent, it will be presumed that what ought to have been done was rightly done, as Comp. Laws 1907, section 3197, makes a complaint which is not answered, with the memorandum indorsed thereon of default, and the summons with proof of service, a part of the judgment roll, the whole of which may be looked to, where the record and judgment itself showed the summons issued on an original complaint, but no service or even filing of an amended complaint, thus reciting what was done in such respect to confer jurisdiction to render judgment on the amended complaint, it may not then be conclusively presumed that something else or additional was done.   (Page 592.)

2. Evidence—Judicial Admissions by Counsel—Validity of Judgment.   Whatever legal presumptions as to service and personal jurisdictions might be indulged from mere silence, when the truth of a fact which renders a judgment void, is judicially admitted, in open court and during the proceedings, for all purposes of the cause in which it is made, and as against him who made it, it ought to be treated as void.   (Page 595.)

3. Judgment—Vacation—Want of Jurisdiction.   Under Comp. Laws 1907, section 2964, requiring service of a copy of an amendment to a complaint, where the court, more than eight years after a default judgment, void because the complaint was not verified as required by Rev. St. 1898, section 3179, was rendered and entered, permitted the plaintiff, without notice or process, but on ex parte application, to amend his complaint, and without service thereof or notice of any kind, rendered and entered judgment thereon, it acted without authority, and the judgment so rendered and the transcript filed with the recorder did not constitute a valid lien on property of the defendant in that action.   (Page 597.)

Appeal from District Court, Third District, *Hon C. W. Morse*, Judge.

Action by Edythe Thero against H. H. Franklin, to quiet title to lands.   Decree for defendant, and plaintiff appeals.

REVERSED and remanded, with directions.

*Gustin, Gillette & Brayton* for appellant.

*Story & Steigmeyer* and *J. C. Walters* for respondent.

STRAUP, C. J.

This action was brought to quiet title to lands in Salt Lake county. It is alleged that the plaintiff is the owner and in possession thereof, and that the defendant asserts a groundless and hostile interest therein. He answered that his interest was that of a judgment lien. The plaintiff replied that the judgment was void. The court found in favor of the defendant, held the judgment a lien, and rendered a decree accordingly. The plaintiff appeals. Her right is no greater or better than was the right of one R. W. Sloan, her immediate grantor.

By the pleadings, stipulations of the parties, and the evidence, it is shown that in September, 1902, the defendant herein as plaintiff, commenced an action in the District Court of Weber county against Sloan and Thatcher on a judgment in the sum of $784 by the filing of an unverified complaint and issuance of summons. A copy of the complaint and the summons were personally served on both Sloan and Thatcher. They failed to appear, and so a default was entered against them on the 11th of November, 1902. On the same day an indorsement of default was made on the complaint by the clerk, and on that day this judgment, omitting the title of the court and cause, was rendered and entered in favor of Franklin and against Sloan and Thatcher:

"In this action the defendants, J. W. Thatcher and R. W. Sloan, having been regularly served with process, the proof of service thereof having been filed, and having failed to appear and answer the plaintiff's complaint filed herein, the legal time for answering having expired, and no answer or demurrer having been filed, the default of the said defendants, J. W. Thatcher and R. W. Sloan, in the premises having been duly entered according to law, upon application of said plaintiff, judgment is hereby entered against said defendants in pursuance of the prayer of said complaint.

"Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged and decreed, that the plaintiff do have and recover from the said defendants the sum of $1,316.14, with interest thereon at the rate of 8 per cent. per annum from date hereof until paid, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $9.20.

"Judgment rendered November 11, A. D. 1902.

"Witness, Hon. Henry H. Rolapp, Judge of said court, with the seal thereof affixed, this 11th day of November, 1902.

"C. R. HOLLINGSWORTH,
"*Clerk.*"

There the matter rested until a day or two before the judgment was barred by the statute of limitations, when Franklin, on the 10th of November, 1910, to revive it, brought an action against Sloan and Thatcher in the District Court of Salt Lake county. Sloan answered, and, among other things, defended on the ground that the judgment was void; that it had been rendered and entered on an unverified complaint. While that action was pending, Franklin, on the 23d of September, 1911, appeared in the District Court of Weber county in the original action there commenced in September, 1902, and on *ex parte* proceedings on September 23, 1911, omitting the title of the court and cause, there obtained these orders: One:

"Upon motion of J. C. Walters, Esq., counsel for above-named plaintiff, it is ordered that the judgment, heretofore rendered against defendant, be, and same is hereby, set aside. Counsel for plaintiff is thereupon granted leave to verify the complaint, heretofore filed herein. The default of defendants is thereupon entered, upon their failure to answer or otherwise plead to plaintiff's complaint within the time allowed by law, and judgment is granted plaintiff as prayed for upon the testimony heretofore given. The court thereupon signs the judgment in accordance with the above order.

"Dated: Ogden, Utah, September 23, 1911.

"J. A. Howell, Judge."

The other:

"Order Setting Aside Judgment and Allowing Verification of Complaint.

"It appearing to the court that on the 11th day of November, 1902, the clerk of this court entered a judgment by default against the above-named defendants, in said action, and that the complaint therein was not verified at the time of the filing thereof, and was not verified before said judgment was entered as provided by Section 3179 of the Revised Statutes of Utah, 1908 (1898) then in force. Upon application and motion of James C. Walters, Esq., attorney for the plaintiff, it is hereby ordered that the said judgment so entered in said action be, and the same is hereby, set aside, and the said plaintiff be, and he is hereby, permitted to amend his complaint by adding a verification thereof.

"Further ordered that, upon such verification being made, the clerk of this court proceed to enter default of the said defendants upon the complaint of the plaintiff as so amended.

"Done in open court this 23d day of September, A. D. 1911.

" J. A. Howell, District Judge.

"Filed September 23, 1911.

"S. G. Dye, Clerk."

On the same day, September 23, 1911, was attached to the original complaint a verification made by Franklin's attorney. On that amended complaint then a further indorsement was made by the clerk that the default of Sloan and Thatcher "is hereby duly entered this 23d day of September, 1911, for failure to answer or otherwise plead to the plaintiff's complaint within the time allowed by law." Upon such amended complaint thus verified, and upon the default thus entered, on the same day, this judgment, omitting the title of the court and cause was, by the Weber County District Court, rendered and entered in favor of Franklin and against Sloan and Thatcher:

"This cause came on this day to be heard upon the complaint of the plaintiff, and it appearing that the defendants, and each of them, have been personally served with summons, and have each failed to appear and answer within the time required by law; that the judgment heretofore entered against

the said defendants on the 11th day of November, 1902, has been set aside by the judge of this court, and the plaintiff allowed to verify the complaint in said action; that the said complaint has been verified in accordance with the said order; thereupon the complaint, as verified the default of the said defendants and each of them, has been duly and regularly entered by the clerk of this court; and the court having heard the evidence and proofs adduced on the part of the plaintiff, and being fully advised in the premises, it is now ordered and adjudged that the plaintiff, H. H. Franklin, do have and recover of the defendants, J. W. Thatcher and R. W. Sloan, the sum of $1,876.46, together with interest thereon from the date hereof until paid at the rate of 8 per cent. per annum, and that plaintiff further have and recover of said defendants his costs and disbursements herein taxed, and $12.40.

"Done in open court this 23d day of September, 1911.

"J. A. Howell, District Judge.

"Filed September 23, 1911."

A certified transcript of that judgment was filed with the recorder of Salt Lake County before the conveyance of the lands in question was made by Sloan to Thero, the plaintiff herein. It is this judgment upon which Franklin, the defendant herein, bases his lien and asserts his interest in and to the lands. Having obtained such second judgment, Franklin thereafter, and in May, 1912, and before the trial, voluntarily dismissed the action brought by him in the District Court of Salt Lake County to revive the first judgment rendered and entered in November, 1902. There the matter again rested until 1914, when Thero brought this action to quiet title and to remove the alleged cloud created by filing with the recorder of Salt Lake County the transcript of the judgment so obtained by Franklin against Sloan and Thatcher in September, 1911.

The plaintiff, over the defendant's objections, except an objection to the judgment of September, 1911, was permitted to put in evidence the records of all these proceedings. In the court below the defendant contended, and here contends, that the judgment rendered by the District Court of Weber County in September, 1911, is, on its face, a valid judgment,

and that it, either by its own recitals or by necessary con-
clusive presumptions, shows all jurisdictional requisites, both
as to subject-matter and person; that in a collateral proceed-
ing such as this, where the judgment is brought in question, it
may not be collaterally impeached; and that to permit any of
the proceedings to be shown prior to the judgment constituted
such an impeachment. Hence the defendant, on such ground,
objected to the complaint, the summons, the first judgment,
the subsequent orders, and, in fact, all of the records of the
proceedings in the District Court of Weber County wherein
Franklin was plaintiff and Thatcher and Sloan defendants,
except the second judgment, upon which he relied. The court,
though it admitted all of such records in evidence, neverthe-
less finally held with the defendant that they constituted a
collateral impeachment, and thus did not consider them, or
else that they did not affect the validity of the second judg-
ment, and hence decreed it a valid and subsisting lien on the
premises in question.

The decision thus turns upon the question of the validity
of that judgment. As bearing upon it, however, both parties
present and argue the question as to the validity of
the first judgment rendered in the District Court of        1
Weber County, the judgment of November, 1902. In
such respect the plaintiff contends that that judgment was
valid, and hence the court, more than eight years after it
was rendered and entered, was, on a mere ex parte motion,
without authority to set it aside and to substitute another in
its place. On the other hand, the defendant contends that
that judgment was void, and was at any time subject to ex-
pungement on the suggestion or application of any one inter-
ested, or on the court's own motion. This because of the
statute (R. S. 1898, Section 3179), providing that, in an action
arising on contract for the recovery of money, if no answer,
demurrer or motion is filed within the time specified in the
summons, and the complaint and proof of service of summons
shall have been filed, the clerk, upon the application of the
plaintiff, must enter the default of the defendant, and im-
mediately thereafter enter judgment in the amount specified
in the complaint. "If the complaint shall not have been veri-

fied it must be verified before judgment is entered." Thus it is argued, as the complaint was not verified, the judgment which was rendered and entered in November, 1902, was absolutely void, and hence the court authorized to render and enter the second judgment. The general statute relating to complaints did not require a complaint in ordinary actions to be verified (R. S. 1898, Section 2959), but provided that (Section 2983) when the complaint is verified, all subsequent pleadings, except demurrers, should be verified. But under Section 3179, *supra,* to enter a judgment upon failure to answer, it seems, a verified complaint was required. When the judgment rendered and entered in November, 1902, alone is looked to, it appears to be regular, and to contain all necessary recitals of jurisdictional facts to the rendition of a valid judgment. But, when we look beyond it and to other portions of the judgment roll, as we may and should, we find that it was rendered upon an unverified complaint. For that reason, and because of Section 3179, *supra,* let it be assumed as is contended by the defendant, that that judgment was void, and that it at any time—for lapse of time added nothing to it—was, *sua sponte,* or at the suggestion or application of any one interested, subject to expungement by the court rendering it. Still, the crucial question is, What shown authority had the court, more than eight years after the rendition and entry of that judgment, to render and enter another in its place? We have a situation where the court not only expunged a judgment for the sum of $1,316, but, more than eight years after the rendition and entry thereof, permitted the complaint to be amended by adding a verification, directed another default to be entered thereon, and, as recited in the judgment, heard "the evidence and proof adduced on the part of the plaintiff," and then entered another judgment for the sum of $1,876. Assuming that nothing was essential to invoke action to expunge the void judgment, surely something was essential to invoke action to render and substitute another. In this respect it, in effect, is argued that, when the court expunged the judgment, that left the action pending for further proceedings or action, just where it was before the void judgment was entered, upon the original com-

plaint filed and service of summons had in 1902. But what
further action? No judgment could be rendered, so asserts
the respondent, upon the original complaint as filed, for it
was unverified. Thus it was necessary to do or present some-
thing to invoke judicial action. Such action was invoked by
motion for leave to amend the complaint by adding a verifica-
tion. And when such leave was granted and such verification
made, another default was declared, not on the original and
unverified complaint, the complaint which was served, but
upon the new, the amended, complaint which was not served.
The statute (C. L. 1907, Section 2964) requires service of a
copy of an amendment to a complaint, or amended complaint,
upon the defendant affected, or upon his attorney, if he ap-
peared by attorney. Here, however, it is argued that the sec-
ond judgment, the judgment rendered and entered in Sep-
tember, 1911, is silent as to service in such particular, and
hence, being a domestic judgment, must it, in this a collat-
eral proceeding where it is brought in question, be conclu-
sively presumed, if such service or notice was essential, that
it was made or given, and that all in such respect was done
which was necessary to confer jurisdiction on the court to
proceed and do what was done. Legal presumptions do come
to the aid of a domestic record as to acts or facts touching
which the record is silent. Where it is silent as to what was
done, it will be presumed that what ought to have been done
was not only done, but rightly done; but when the record
itself speaks what was done, it will not be conclusively pre-
sumed that something different or additional was done. The
judgment itself, however, is not all that may be inspected.
The whole of the judgment roll may be looked to, the technical
judgment record, the mandatory record of jurisdictional ele-
ments. When any part of that record speaks as to what was
done as to any jurisdictional fact, it may not be overthrown
by indulging conclusive legal presumptions from silence in
other parts of the record. In case a complaint be not an-
swered, the summons, with proof of service, and the com-
plaint, with the memorandum indorsed thereeon of default,
are just as much of the judgment roll as is the judgment
itself. The statute says so. C. L. 1907, Section 3197. When

we look at these the judgment record itself speaks as to what, with respect to service and jurisdiction of person, was done, and furnishes its own proof of service. It shows service of the original complaint and of the summons issued thereon, but no service or even filing of the amended complaint. When the record thus as to jurisdiction of the person speaks and shows what was done in such respect to confer jurisdiction, if that be insufficient, conclusive legal presumptions may not then be indulged that something else or further was done to confer personal jurisdiction. *Hahn* v. *Kelly*, 34 Cal. 391, 94 Am. Dec. 742.

Even the judgment itself assumes to recite what was done to confer jurisdiction of person and upon what the court obtained it and acted in rendering the judgment of September, 1911. The recital is that the defendants therein were "personally served with summons, and have each failed to appear and answer," the summons, of course, issued on the original complaint and served in 1902, the only summons of record. Nothing else is therein, or elsewhere by the judgment roll, recited or shown to confer jurisdiction of person. The record thus reciting and showing just what was done to confer jurisdiction of person to render the judgment, it may not then be conclusively presumed something else or additional was done. Hence the case is not one of mere silence of the record as to personal jurisdiction, nor even a conflict of recitals of such jurisdictional facts where those supporting jurisdiction are to be accepted or taken in preference to those showing lack of jurisdiction. It is a case where, when the whole of the judgment record is looked to, it discloses that the court, more than eight years after a judgment was rendered, without process or notice of any kind, not only expunged that judgment, but also, on a mere exparte application without notice, permitted a complaint to be amended, and, without service thereof or process thereon, entered another judgment on such unserved amended complaint.

But, further, whatever legal presumptions as to service and personal jurisdiction might be indulged from mere silence, nevertheless, if facts or acts are judicially admitted which show the judgment to be void, it ought to be     **2**

treated as void. *Hill* v. *City Cab, etc., Co.*, 79 Cal. 188, 21 Pac. 728. In the course of the proceedings in the court below the defendant's counsel in open court among other things, stated:

"Just so as to make the matter entirely clear to the court * * * the invalidity of the judgment appearing (the judgment of November, 1902), speaking from our side, and taking the position that it was an absolutely void judgment under the authorities, the plaintiff Franklin went into the court of Weber County and moved to set aside the void judgment, and for permission to verify the complaint and for judgment. In the meantime, I should say, that the defendants (Sloan and Thatcher) as shown by the return of the sheriff, had been duly served with summons (in 1902) and had failed to make any appearance whatever. So he (Sloan) was in default. Being in default, there was no amendment or any notice of this additional proceeding served upon him, but in any event the court set aside that judgment which had been entered by the clerk and entered a new judgment against the defendants, Sloan and Thatcher."

True, when the plaintiff separately offered in evidence the first judgment, the complaint, the summons and the orders heretofore referred to, the defendant objected to each of them on the ground that such proffered evidence constituted a collateral impeachment of the second judgment, the judgment of September, 1911. But, in response to a statement of counsel for plaintiff in open court, "It can further be stipulated, I presume, that no notice of any kind was ever given R. W. Sloan, or this plaintiff, of any of the proceedings in the District Court of Weber County subsequent to the service of summons upon them (in 1902)," the defendant's counsel replied:

"I imagine that is so. I could not, of course, stipulate that fact. In other words, I could not afford to stipulate away the presumption of regularity that exists in favor of the judgment of Weber County.

"The Court: I listened quite carefully to the record, and there is no finding there had been any service whatever.

"Plaintiff's Counsel: There had been no service.

"The Defendant's Counsel: No service of notice.

"The Court: No finding of service of the amended complaint."

Defendant's counsel also further insisted that, as the first judgment was a nullity, the court at any time had the right to expunge it, and on the service of the original summons was authorized, without any further notice or process, to permit the complaint to be amended by adding a verification and to enter a judgment in accordance therewith. From all this, in open court and during the proceedings, it appears that the real fact, the truth, was conceded to be that there was no service or notice of any kind after the service of the original and unverified complaint and of the summons in 1902, but that the defendant "could not afford" to admit it, for that would discharge the legal presumptions invoked by him. When thus the real fact, the truth, of something is admitted, not by a mere extrajudicial admission, but by a judicial admission, which renders a judgment void, it, for all purposes of the cause in which it is made and as against him who made it, ought so to be treated and regarded.

Form these consideration do we think it clear that when the court, more than eight years after the first judgment was rendered and entered, permitted the defendant, the plaintiff therein, without notice or process, but on an ex parte application, to amend his complaint, and without serv- **3** ice thereof or notice of any kind, rendered and entered a judgment thereon, it acted without authority, and hence that the judgment so rendered and the transcript thereof filed in Salt Lake County did not constitute a valid lien. The judgment of the court below is therefore reversed, and the cause remanded, with directions to make findings and to render and enter judgment quieting title in the plaintiff in accordance with the prayer of her complaint. Costs to respondent.

McCARTY, J., concurs.

FRICK, J.

I concur. Under our statute the court was powerless to enter a default judgment upon an unverified complaint. A defendant, therefore, has the right to assume that unless he appears the court is powerless to enter a judgment against him upon the unverified complaint as filed. Our statute (C.

L. 1907, Section 2964) provides that if an amendment to a complaint, or if an amended complaint be filed, it must be served upon the defendant, and that he then has ten days after service, or such longer time as the court may grant him, to answer the amended complaint, or the amendment thereto as filed. As pointed out by the Chief Justice, the judgment roll in this case disclosed all of those defects, and hence it is not a case where presumptions of regularity prevail. The judgment in question, therefore, constituted no lien, and the District Court erred in so holding.