Appeal from Second District.

# FRANKLIN v. THATCHER et al.

No. 3218.   Decided Jan. 6, 1919.   On Application for Rehearing March 7, 1919.   (178 Pac. 922.)

1. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT.  Where findings of fact are based upon records of former proceedings in the district court, there can be no question concerning the facts.  (Page 401.)

2. JUDGMENT — DEFAULT JUDGMENT — MINISTERIAL ACT — EVIDENCE. Under Comp. Laws 1907, section 3179, subd. 1, providing for default judgment in actions on contract for money or damages only where no answer, demurrer, or motion has been filed, the act of entering default judgment is ministerial, and that the court which heard no evidence directed the judgment is immaterial.[1]  (Page 401.)

3. JUDGMENT—DEFAULT—VERIFICATION OF COMPLAINT.  The direction in Comp. Laws 1907, section 3179, subd. 1, providing for default judgment in certain actions, that, "if the complaint shall not have been verified, it must be verified before the judgment is entered," is mandatory.  (Page 401.)

4. JUDGMENT — DEFAULT — VERIFICATION  OF  COMPLAINT — WAIVER. Comp. Laws 1907, section 3180, providing that any of the formalities of section 3179 relating to entry of default judgment, if not insisted upon at the proper time, shall be deemed waived, does not apply to the verification of the complaint, which is not a mere formality.  (Page 404.)

5. JUDGMENT—DEFAULT—INVALIDITY—EFFECT.  A judgment entered by default upon an unverified complaint is in legal effect as though no judgment had been entered, and the case remains pending, and the court may at any time set aside and expunge such judgment.  (Page 404.)

6. JUDGMENT — DEFAULT — VACATION — AMENDMENT OF PLEADING— VERIFICATION.  Where default judgment is expunged for invalidity for failure to verify the complaint, plaintiff may, on notice to defendant, be permitted to amend the complaint by adding the verification.  (Page 404.)

7. JUDGMENT—VALIDITY—AMENDMENT OF COMPLAINT—VERIFICATION. Where a default judgment has been set aside for failure to verify the complaint, and plaintiff is permitted to amend by adding the verification without serving notice thereof upon the defendant, and

---

[1] *Thero* v. *Franklin*, 48 Utah, 587, 160 Pac. 1188; *Credit Men* v. *Bowman*, 38 Utah, 326, 113 Pac. 63.

judgment is then entered, such judgment is void, and the action remains pending.   (Page 404.)

8. LIMITATION OF ACTIONS—EFFECT OF ACTION PENDING.  Where an action was begun within the period of limitation, and invalid default judgments therein entered were set aside, the action remained pending and the statute did not run.   (Page 404.)

On Application for Rehearing.

9. APPEAL AND ERROR—REVIEW—JUDGMENT ROLL—DEFAULT JUDGMENT.  A judgment roll including a record showing that no answer, demurrer, or motion was filed by defendants conclusively shows their default, and the judgment is presumed to have been made by default.   (Page 406.)

Appeal from the District Court of Weber County, Second District; *Hon. A. E. Pratt,* Judge.

Action by H. H. Franklin against J. W. Thatcher and R. W. Sloan.

Judgment for plaintiff.   Defendant Sloan appeals.

AFFIRMED.

*Gustin, Gillette & Brayton* for appellant.

*James C. Walters* for respondent.

FRICK, C. J.

Plaintiff brought this action in the district court of Weber County against the defendants to recover upon a certain judgment which was entered by said court in favor of the plaintiff and against the defendants, on the 26th day of November, 1894.  In view that the facts found by the court in this case cover all of the material allegations contained in the pleadings of the parties and the evidence adduced at the trial, and to avoid unnecessary repetition, we here state the substance of the findings.

The court found that on the 26th day of November, 1894, a judgment was duly entered in the territorial district court

of Weber County in favor of the plaintiff, H. H. Franklin, and against the defendants, J. W. Thatcher and R. W. Sloan, for the sum of $784.58, together with interest, and for $17.90 costs; that said judgment was based upon personal service upon said defendants, and that no part of the same has been paid; that on the 9th day of September, 1902, the plaintiff commenced an action in the district court of Weber County against said defendants on the judgment entered as aforesaid, and that each of the defendants were personally served with summons in the latter action; that the complaint in the latter action was not verified; that the clerk of said court on the 11th day of November, 1902, upon request of plaintiff's counsel, entered the default of said defendants, and on the same day entered a judgment by default on said unverified complaint in favor of the plaintiff and against said defendants for the sum of $1,316.14, with interest; that on the 23d day of September, 1911, upon an application made by plaintiff's counsel, and without notice to the defendants, the judgment entered on the 11th day of November, 1902, was set aside upon the ground that the complaint upon which the same was based was not verified, cither when the same was filed or before judgment was entered; that after the judgment was set aside plaintiff was granted leave to amend his complaint by adding a verification thereto, and immediately upon such verification being made the clerk entered the default against said defendants upon the verified complaint, and the court then ordered the clerk to enter judgment upon the default of the defendants, which was accordingly done; that in a certain action to quiet the title of certain real estate which was sold on execution as the property of the defendant R. W. Sloan, wherein one Thero was plaintiff and the plaintiff herein was defendant, the judgment last above referred to was held void by this court; that subsequent to the decision of this court, to wit, on the 17th day of April, 1917, the plaintiff, through his attorneys, served notice upon the defendant R. W. Sloan that the plaintiff would file a motion in the district court aforesaid to set aside both the judgment entered on the 11th day of November, 1902, and the one entered on the 23d day of September, 1911, and for leave to file an amended

complaint in said action; that counsel for Sloan appeared at the hearing of said motion and resisted the same; that the court made an order setting aside both of said judgments as being void, and granted the plaintiff leave to amend his complaint; that the plaintiff thereupon served his amended complaint, duly verified, on said Sloan, and filed the same in said action, and the defendant Sloan duly answered said amended complaint; that a transcript of the judgment entered on September 23, 1911, which was held to be void by this court, had theretofore been duly filed in the office of the clerk of the district court of Salt Lake County, and execution had been duly issued thereon by said clerk, and the real estate before referred to, and which was involved in the action to quiet title as aforesaid, was sold under said execution to the plaintiff herein for the amount of said judgment; that said sale was thereafter held to be void by this court in the action aforesaid, and this court remanded said cause to the district court of Salt Lake County, with directions to set aside said sale upon the ground that the judgment upon which the execution was issued was void, with which directions said district court duly complied; that the plaintiff received no money whatever on said execution sale; that neither this action nor any of the preceding actions on said judgment is barred.

As conclusions of law the court found that the judgment entered by default on the 11th day of November, 1902, was void; that the district court of Weber County was legally authorized to set aside and to expunge the record of said judgment; that the judgment of September 23, 1911, which was entered without notice to the defendants and after the complaint had been verified, was void; that the action and orders of the district court in setting aside both the judgment of November, 1902, and of September, 1911, were legal and valid; that the setting aside of both of said judgments left the action which was commenced in September, 1902, pending as if no further proceedings were had therein, and that the action of the district court permitting the complaint in that action to be amended by adding the verification thereto after notice had been duly served upon the defendant Sloan was legal and proper; that the plaintiff is entitled to judg-

ment against the defendant Sloan in the action commenced in September, 1902, based on the judgment originally obtained on the 25th day of November, 1894, with interest.

Judgment was accordingly entered, from which the defendant Sloan appeals.

Counsel for appellant have assigned error upon the findings of fact. In view that the findings are based upon former records of the proceedings had in the district court, there is no question concerning the facts. This is practically the position counsel take in their brief, since their argument is entirely limited to the legal propositions that are involved. The principal contentions are: That the judgment which was entered on the 11th day of November, 1902, is a valid and subsisting judgment; that the district court, after the lapse of more than eight years, exceeded its powers in attempting to vacate and set aside that judgment; and hence, for the same reason, the judgment in 1917 against Sloan, and from which this appeal is prosecuted, is also void. Those very propositions were before this court in the case of *Thero* v. *Franklin*, 48 Utah, 587, 160 Pac. 1188, where Mr. Justice Straup, in referring to the validity of the judgment of November, 1902, said:

"The decision thus turns upon the question of the validity of that judgment. As bearing upon it, however, both parties present and argue the question as to the validity of the first judgment rendered in the district court of Weber County, the judgment of November, 1902. In such respect the plaintiff contends that that judgment was valid, and hence the court, more than eight years after it was rendered and entered, was, on a mere ex parte motion, without authority to set it aside and to substitute another in its place. On the other hand, the defendant contends that that judgment was void, and was at any time subject to expungement on the suggestion or application of any one interested, or on the court's own motion."

By reference to the statement of facts in that case it will be seen that the only difference between the record in that case and in this case is that since that case was decided the plaintiff, after serving notice upon the defendant Sloan, moved the court to set aside the default judgments of November, 1902, and of September, 1911, and to expunge such judgments from the record, and to permit the plaintiff to file his amended com-

plaint by adding a verification thereto; that the defendant
Sloan appeared in court and resisted plaintiff's motion, but
notwithstanding such resistance the court granted plaintiff's
motion and permitted him to amend his complaint as afore-
said; that the defendant Sloan thereupon filed his answer to
the amended complaint, setting forth what he deemed to be
proper legal defenses, among which was that the statutes of
limitations had run, and that the judgment of November,
1902, was a valid judgment, precisely as claimed in the case
of Thero v. Franklin, supra. The district court, however,
overruled all of the defenses, and held as indicated in the
conclusions of law, the substance of which we have set forth
above. Notwithstanding the decision in the case of Thero v.
Franklin, supra, counsel insist that the judgment of Novem-
ber, 1902, is a valid judgment, and that the court, in attempt-
ing to set the same aside after the lapse of more than eight
years, to wit, in 1911, and again in 1917, exceeded its power,
and hence the judgment of November, 1902, always was, and
now is, a valid and subsisting judgment. In connection with
that contention it is argued that in view that no timely and
proper proceedings were ever taken to set aside the judg-
ment of November, 1902, an action on that judgment is barred
under our statute, which provides that an action upon a judg-
ment must be commenced within eight years after the cause
of action has accrued. It is conceded by counsel that in Thero
v. Franklin we held that under Comp. Laws 1907, section
3179, subd. 1, a judgment entered by default upon an unveri-
fied complaint is void, and that the district court had the
power to set aside such a judgment at any time and to ex-
punge it from the record. Counsel, however, seeks to dis-
tinguish this case from Thero v. Franklin upon two grounds:
(1) That the judgment of November, 1902, was directed to
be entered by the court; and (2) that in view of the provisions
of Comp. Laws 1907, section 3180, the plaintiff had waived his
right to object to the validity of the judgment of November,
1902, upon the ground that it was based upon an unverified
complaint. In the case of Credit Men v. Bowman, 38 Utah,
326, 113 Pac. 63, Ann. Cas. 1913B, 334, after a careful and
thorough review of the authorities, we held that under a stat-

ute like our Comp. Laws 1907, section 3179, subd. 1, the act of entering a judgment by default is ministerial, since the judgment entered is one directed by law. The cases to that effect are numerous, and are cited in the Bowman Case, supra, to which we refer. In addition to the cases there cited, we also refer to the case of *Phelan* v. *Ganebin,* 5 Colo. 14, which is based upon a statute like ours. That the court may have directed the judgment of November, 1902, to be entered is wholly immaterial. The law directed what the judgment should be, and hence what the court may have done or omitted to do is of no consequence. Counsel, however, further insist that in view that the court directed the clerk to enter the judgment it was at most erroneous, and not void. If, however, the court may direct a judgment to be entered upon an unverified complaint, then the court has power to ignore or to repeal statutory provisions at will. The language of the statute (section 3179, subd. 1) is: "If the complaint shall not have been verified it must be verified before judgment is entered." This language is mandatory, and its compliance is a prerequisite to the right of entering the judgment required by law to be entered in pursuance of the allegations of the complaint in default cases. It is as binding upon the court as it is upon the clerk. Indeed, the act of entering the judgment provided by the section aforesaid is ministerial, whether directed to be done by the court or whether the clerk enters the same as directed by the statute. The court's direction neither adds to, nor detracts anything from, the duty imposed by the statute, and hence, if a judgment entered by the clerk upon an unverified complaint is void, it is equally so if directed to be entered by the court. What the effect would be if the court heard evidence and based its conclusions upon the testimony of witnesses, or other competent evidence, and ordered judgment to be entered in accordance with the evidence in a default case, is not before us, and upon that question we express no opinion. What we hold is that under section 3179, subd. 1, a judgment cannot legally be entered by default upon an unverified complaint.

Proceeding to a consideration of the second proposition, we remark that section 3179 is in part taken from the California

Code of Civil Procedure, section 585, and in part from the Colorado Code of Civil Procedure, section 168. 4-8 Mills' Ann. Code Colo. section 168. See, also, Colo. Code Ann. 1910, section 185. By referring to section 585 of the California Code, it will be seen that the requirement that the complaint be verified before judgment is entered by default is omitted; while in the Code of Colorado, section 168, supra, it is provided "* * * if no answer, demurrer, or motion has been filed * * * the clerk, upon the application of the plaintiff, shall enter the default of the defendant, and immediately thereafter, if the complaint shall have been or shall then be properly verified, enter judgment for the amount specified in the summons," etc. By comparing subdivisions 2 and 3 of our section 3179 with similar subdivisions of section 168 of the Colorado Code, it will be seen that many other things are there enumerated, and that our section, as before stated, is taken from both the California and the Colorado Codes. There is one provision, however, in our statute (section 3180) which is taken from section 168 of the Colorado Code, which reads: "Any of the formalities of this section, if not insisted on at the proper time, shall be deemed waived." The only difference between the Colorado and our section is that in the Colorado section the words "the preceding section" reads "this section." This change was made necessary because the code commissioners of this state placed the provision in a separate section instead of leaving it in the same section as in the Colorado Code. Counsel for defendants rely on the foregoing provision as an additional reason why the judgment of November, 1902, should be held a valid judgment, and that hence the district court was powerless to interfere with it either in 1911 or in 1917, as was done. In view of the provision imposing a waiver, counsel also insist that by failing to make any objection to the omission to verify the complaint in September, 1902, plaintiff waived the right to object, and hence the judgment for that reason is valid. It will be observed that the wording of the provision is somewhat peculiar. It reads: "Any of the formalities, * * * if not insisted on at the proper time, shall," etc. The different subdivisions of section 3179 to which the foregoing provision

refers are of considerable length, and contain many provisions, among which there no doubt are some which may properly be characterized as formalities. The provision that in cases of default the complaint ''must be verified before judgment is entered'' is, however, not a mere formality, but, as held in *Thero* v. *Franklin*, supra, is a matter of substance. Indeed, in view that the code commissioners, who made section 3179 a part of the R. S. 1898, added the provision to the section as they found it in and copied it from the California Code, we are compelled to assume that the provision was intended to accomplish just what its language implies, namely, to prevent the entry of judgments by default unless and until the complaint was verified.

But there is another reason why we are bound to hold that the waiver relied on by counsel does not apply to the provision requiring the complaint to be verified before judgment by default is entered. The provision applies to default cases only. It must be assumed that the defendant in the action is not represented either in person or by counsel. It was therefore not intended that an objection should be made at the time of entering judgment, because in default cases the defendant is not present to make such an objection. Again, if it should be held that the requirement of verifying the complaint is waived, then it was stillborn, and is of no force or effect whatever. If such is the case, neither the court nor the clerk, nor any one else, need pay the slightest attention to it, since if the defendant does not object it is waived. As a matter of course in default cases he is not present and does not object; therefore the requirement is utterly useless and a mere incumbrance. We are, however, required to give it effect, and we may not fritter it away by a most loose, if not by what might be designated as an entirely unjustifiable, construction. We are constrained to hold, therefore, (1) that the provision requiring a complaint to be verified in default cases before judgment is entered is mandatory and cannot be ignored; (2) that in case a judgment is entered by default upon an unverified complaint it is, in legal effect, as though no judgment had been entered in the case, and the case is pending as though nothing had been done in it; (3) that the court in which such

a judgment is entered may set it aside at any time and expunge it from the record; (4) that in such a case the plaintiff in the action, on notice to the defendant, may be permitted to amend his complaint by adding the verification, and in case the defendant still fails to appear judgment may then be entered by default; (5) that in case the plaintiff is permitted to amend his complaint by adding the verification without serving notice thereof upon the defendant, and judgment is then entered, the judgment is still void, and the action continues pending as though nothing had been done in it; and (6) that the statute of limitations does not run while the action is pending, as before stated.

By what has been said we do not wish to be understood as holding that, although a judgment based upon an unverified complaint is void, for that reason (in case an execution has been issued and property has been sold under it, and the judgment has been satisfied in whole or in part) the judgment or execution defendant may not be estopped from questioning the sale for the reasons stated in Freeman, Void Jud. Sales, section 50. The case before us presents no such features, and hence all we now decide is that the judgment in this case, upon the record before us and for the reasons stated, is valid and free from prejudicial error, and hence should be, and it accordingly is, affirmed; appellants to pay costs.

CORFMAN, THURMAN, and GIDEON, JJ., concur.

McCARTY, J., died after the submission of this cause and before the filing of the opinion.

On Application for Rehearing.

FRICK, J.

Appellant's counsel have filed a petition for rehearing, in which it is contended that we did not decide the proposition of whether the judgment in question is in fact a default judgment. It is strenuously insisted that in this proceeding we are confined to an inspection of the

judgment roll, and that from what is there made to appear the judgment in question must be presumed to be one as though made and entered in an ordinary case. In our judgment, that contention is more ingenious than sound. The judgment roll discloses that no answer was ever filed by the defendants, and hence conclusively shows that they made default. Upon that default the judgment in question was entered. In view of such a record—that is, judgment roll— what is the natural and ordinary inference or presumption? Manifestly that the judgment is what it purports to be, namely, a judgment by default. That being so, as stated in the opinion, we are not concerned with the fact of whether the court ordered the clerk to enter the judgment, or whether the latter entered it pursuant to the statute without any order. In either event the judgment is a default judgment, and is necessarily governed and controlled by the law and the statute to which reference is made in the opinion.

We are clearly of the opinion that the conclusion reached in the opinion filed is sound, and it is therefore adhered to.

The petition for rehearing is accordingly denied.

CORFMAN, C. J., and GIDEON and THURMAN, JJ., concur.