# CAMPANA v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 4470.   Decided November 10, 1926.   (251 P. 26.)

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for plaintiff.

*C. A. Gillette,* of Salt Lake City, for defendants.

FRICK, J.

The plaintiff made application to this court for an alternative writ of mandate. The writ was duly issued requiring the district court of Salt Lake county to assume jurisdiction of a certain appeal and to proceed therewith in the regular course or to show cause why it refused to do so. The defendants named in the title appeared and filed an answer, and the cause was submitted upon plaintiff's application and the answer thereto.

The facts are practically all agreed to. At all events, there is no dispute regarding any material fact. The facts relating to this proceeding are that on the 13th day of October, 1925, one Ellis C. Freed, a defendant therein, recovered judgment in the city court of Salt Lake City against the plaintiff herein; that on the 17th day of November, 1925, an execution was duly issued upon said judgment which was served upon the wife of the plaintiff herein and payment of the judgment was demanded from her. The record is silent as to whether plaintiff had notice or knowledge of the issuance of said execution. It further was made to appear that on the 24th day of February, 1926, an affidavit was duly filed in the said court wherein it was set forth that on the day aforesaid said Freed obtained judgment against the plaintiff herein for $462.65 and for $4.20 costs, and that an execution had been issued and returned by the sheriff unsatisfied; that pursuant to said affidavit the said court issued an order requiring the plaintiff here, who was the defendant in the action aforesaid, to appear before said court on the 1st day of March, 1926, at 10 o'clock a. m. "to answer concerning his property," etc.; that true copies of the order and affidavit aforesaid were duly served on the plaintiff here on the 26th day of February, 1926; that no notice of the entry of the judgment aforesaid was ever served on the plaintiff herein; that the plaintiff, desiring to appeal from the judgment aforesaid to the district court of Salt Lake county, on the 22nd day of May, 1926, duly served his notice of appeal

on the plaintiff in said action, together with his undertaking on appeal staying execution, and appealed the case to the district court of Salt Lake county; that the undertaking was duly approved by the said court on the 22nd day of May, 1926; that on the 2nd day of June, 1926, said Freed, as plaintiff in the action aforesaid, filed a motion to dismiss the appeal upon the grounds: (1) That said appeal was not taken within the time required by our statute; (2) that said appeal was not perfected within six months from the "rendition" of said judgment; and (3) that an execution had been duly issued on the judgment aforesaid and that no appeal had been taken from said judgment "for a period of more than 30 days after said execution was issued and served."

Upon substantially the foregoing facts the district court of Salt Lake county, by Hon. Morris L. Ritchie, judge thereof, dismissed said appeal, and this proceeding was instituted by the plaintiff herein to require said court to reinstate and to proceed to hear the appeal in the regular course of business. The only question for decision is, Was the appeal taken in time so as to require the district court to entertain and to hear it?

Comp. Laws Utah, 1917, § 7514, so far as material here, provides that appeals from justice courts to the district court may be taken "at any time within thirty days after the rendition of any final judgment. Notice of the entry of judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of said notice." The statute further provides that if it be made to appear that personal service of the notice cannot be made, then the notice may be published in some newspaper published in the county where the action was prosecuted. The foregoing provisions apply to city courts the same as to justice courts. In the instant case personal service was required. Comp. Laws Utah, § 7024, provides that

notices must be in writing. Under the provisions of our statute it was therefore incumbent on the plaintiff in the action in the city court to serve the foregoing notice on the plaintiff herein in order to set in motion the 30-day period within which the latter was required to appeal.

There are still other statutory provisions that have some bearing upon the question. Comp. Laws Utah, § 7520, among other things, provides:

"No failure to comply with any provisions of law relating to appeals from justice court to the district court, except a failure to serve and file a notice of appeal, shall defeat the jurisdiction of the district court over the case attempted to be appealed.

"On notice, an appeal shall be dismissed for the following cause: That notice of appeal was not served and filed within thirty days after notice of rendition of judgment. * * *"

It is contended on behalf of the defendant that the affidavit which was served on the plaintiff herein in which he was required to "answer concerning his property" was a sufficient notice under the statute to set in motion the 30-day period within which he was required to appeal. It is urged that in that affidavit the date and amount of the judgment were stated together with the court in which it was rendered. It is quite true that those things appear in the affidavit. The affidavit was, however, intended for an entirely different purpose. It was not intended as a notice under section 7514, supra. It might as well be urged that issuing and serving an execution is a sufficient compliance with the statute. It has, however, frequently been held by courts in states where statutes like our section 7514, supra, are in force that the notice prescribed by the statute must be given in order to set in motion the 30-day period within which an appeal must be taken. In *Livingston v. New York E. R. Co.*, 60 Hun. 473, 15 N. Y. S. 191, under a statute like ours, it was expressly held that to issue and serve an execution which the adverse party attempted to have set aside did not obviate the giving of the statutory notice in order to start the running of the 30-day

period within which an appeal must be taken. That case is followed in *Kubin v. Miller* (City Ct.), 61 N. Y. S. 1121. In Wisconsin there is also a statute like ours. It has frequently been held by the Supreme Court of Wisconsin that unless the statutory notice is served as provided by the statute the time within which an appeal must be taken is held in suspense. In *Rosenkrams v. Kline,* 42 Wis. 558, the decision is tersely and correctly reflected in the headnote, which reads:

"It is only after written notice of the entry of an order, that the statutory limitation of the time for appealing therefrom begins to run; and the facts that the order was served upon appellant's attorney, and that he filed exceptions thereto, do not take the case out of the rule."

A number of cases are referred to in the opinion in that case holding the same doctrine which it is not necessary to cite.

There is a similar statute in Minnesota. In *Levine v. Barrett,* 83 Minn. 145, 85 N. W. 942, the rule is stated in the headnote thus:

"G. S. 1894, § 6138, limiting the time for taking an appeal from an order, construed, and held that it is only after written notice of the entry of the order to the adverse party that the limitation begins to run as to him."

It is also held in that case that the mere fact that one defendant served notice on the other did not have the effect of setting the time to running in favor of the plaintiff in the action, and that the plaintiff could not avail himself of such a notice, but in order to set the statute in motion he was required to serve a notice of entry of judgment. It is further held in all of the cases referred to that actual knowledge on the part of the party desiring to appeal that a judgment was entered is immaterial.

What the statute requires in order to settle all controversies respecting the giving of notice is that the notice pre-

scribed by the statute shall be given. In 3 C. J. p. 1059, §
1061, the rule is stated thus:

"In the absence of a statute requiring it, no notice need be given
of the rendition or entry of a judgment, order, or decree in order to
start the statute of limitations running against the right to appeal.
But by express statutory provisions in some jurisdictions, in order
to limit the time within which an appeal may be taken, the party
against whom a judgment, order, or decree is rendered or made must
be served with notice of the rendition or entry thereof, and a copy
thereof is also sometimes required to be served; and such provisions,
to limit the time, must be strictly complied with. Actual knowledge
of the judgment or order does not dispense with the statutory re-
quirement of notice."

In 1 Spelling New Trial & Appellate Practice, § 362, the
author says:

"It has been long settled and frequently decided that unless notice
be waived, written notice of the decision must be served. The movant
has the time allowed by law from and after written notice of the de-
cision within which to file and serve his notice of intention, motion or
application, according to the wording of the statute, and so long as he
does not act waiving his right, no advantage can be taken of the fact
that he has actual knowledge."

It is, however, pointed out by Spelling that the statutory
notice may be waived, and this court has so held in *State ex
rel. v. District Court*, 38 Utah, 138, 110 P. 981, Ann. Cas.
1913B, 437. That was, however, a clear case of waiver.
There is nothing in the instant case upon which a waiver
can successfully be based. This court, as indicated in its
most recent expression, is not inclined to extend the doctrine
of waiver, however, where service of notice is required.
See *Jenkins v. Stephens*, 64 Utah, 307, 231 P. 112.

It is, however, contended on behalf of the defendants that
in view of what was held by this court in the case of *Tooele
Meat, etc., Co. v. Morse*, 43 Utah, 515, 136 P. 965, the serv-
ing of the affidavit on the plaintiff herein, to which refer-
ence has hereinbefore been made, constituted a sufficient

notice of entry of judgment. We are unable to yield assent to the contention. The notice in the case referred to was in the form of a letter. The letter contained every element required by the statute and was intended to apprise the adverse party in the action of the amount of the judgment, the date it was entered, and the court in which the action was pending and in which it had passed to judgment. Moreover, the letter was acknowledged by the adverse party three days after it was dated and acted on. Under those facts and circumstances it would have been a travesty to hold that because of the mere fact that the notice was in the form of a letter it was insufficient. The only objection that was made to the notice was that it was in the form of a letter rather than a formal notice. The facts and circumstances in the instant case are far different. Here an affidavit required by statute in aid of execution was served and filed. The affidavit was not intended as a notice and was not so regarded by any one. The most that can be said respecting the effect of the affidavit is that it imparted actual knowledge to the plaintiff herein. That, all the authorities hold, is immaterial and insufficient to set the 30-day period in motion.

In view of all the authorities, to which we find no exception, no other conclusion is permissible than that the appeal in question was dismissed without authority of law, and that the plaintiff is entitled to a peremptory writ of mandate requiring the district court of Salt Lake county to reinstate the appeal and to proceed to hear the same in the usual course of business. A formal writ of mandate will, however, not issue unless the district court refuses to reinstate the appeal upon service of a copy of this opinion. If it shall refuse, a peremptory writ will issue requiring it to reinstate the appeal and to hear it in due course.

Costs are taxed against the defendant Freed.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.