LUISA EXPÓSITO AVILÉS, Petitioner and Appellant, *v.* MARÍA GUZMÁN DE EXPÓSITO, Respondent and Appellee.

No. 6148.  Argued November 7, 1932.—Decided November 17, 1932.

*García Méndez & García Méndez* for appellant.  *Arturo Reichard* for appellee.

MR JUSTICE HUTCHISON delivered the opinion of the Court.

Appellee moves to dismiss the present appeal on the theory (1) that the notice of appeal was not filed within the time prescribed by law, and (2) that appellant is estopped under the doctrine of election of remedies.  The notice of appeal was filed within thirty days after formal notice of the judgment.  This notice of judgment, however, was not given until after a writ of certiorari had been issued by this

court and subsequently annulled because the order complained of was appealable. *Expósito* v. *District Court*, 43 P.R.R. ——.*

The time within which an appeal may be taken begins to run from the day on which the secretary files a copy of the notice of the judgment which he is required to give to the defeated party or his attorney. The taking of an appeal is a waiver of this notice. *Veve* v. *Fajardo Sugar Growers' Ass'n.*, 17 P.R.R. 997. In *Torres* v. *Calaf*, 17 P.R.R. 1137, there is an *obiter dictum* to the effect that compliance with the statutory requirements is unnecessary when the losing party has actual knowledge of the judgment. 2 Cyc. 799; *McQuesten* v. *Morrill et al.*, 41 Pac. 56; *Braeley* v. *Marks*, 43 Pac. 27, are cited in support of this theory. The sounder view, sustained by more recent decisions and the weight of authority is that "Actual knowledge of the judgment or order does not dispense with the statutory requirement of notice." 3 C. J. 1060, section 1061; 168 Cal. 433; (Cal.) 162 Pac. 1023; 25 Cal. A. 732; (S. D.) 197 N.W. 227; (Utah) 251 Pac. 26.

In the instant case the notice of the rendition of judgment refers to the decision of this Court in the certiorari proceeding holding that the order of the district court was appealable and indicates that the secretary of the district court up to that time had been under the impression that no appeal could be taken therefrom. The application for a writ of certiorari was made upon the same theory. For obvious reasons, there was no conclusive election, no estoppel by election of remedies. The application for a writ of certiorari, of course, showed that the applicant was aware of the fact that the decision attacked had been rendered. It did not involve any waiver of the right to appeal from that decision nor of the right to await the mailing of a formal notice by the secretary and the filing of a copy of such notice as the step required by statute in order to start the running of the period within which an appeal might be

NOTE: See Preface of this volume.

taken. Appellant might have filed his notice of appeal at any time, without awaiting the action of the secretary, but he was not obliged to do so because by express statutory provision the time within which an appeal may be taken must be counted from the date of such action.

The motion to dismiss will be denied.