## BULLEN v. ANDERSON.

No. 4956.    Decided December 29, 1932.    (27 P. [2d] 213.)

Young & Bullen, of Logan, for appellant.

Leon Fonnesbeck, of Logan, for respondent.

## EPHRAIM HANSON, J.

The plaintiff, appellant herein, appeals from a judgment rendered in favor of defendant in the district court of Cache county, Utah. The record before us shows that the plaintiff secured a judgment by default against the defendant in the city court of Logan city on September 12, 1928. The defendant appealed from such judgment to the district court of Cache county on August 8, 1929. On August 30, 1929, the court, upon the issues framed by the complaint and answer, and upon a stipulation of facts filed by the parties, made and entered findings of fact, conclusions of law, and judgment in favor of defendant, from which judgment the plaintiff, as heretofore stated, appeals.

On this appeal the appellant assigns as error:

"1. The court erred in refusing plaintiff's motion to dismiss the appeal of defendant from the judgment of the City Court of Logan City, Cache County, Utah, in said cause, for the reason that the judgment of said City Court had become final before said appeal was taken and the time for appeal had passed.

"2. The court erred in permitting the defendant to file his answer in the district court for the reason that the default of the defendant in the city court had not then, and has not since, been set aside and for the further reason that said judgment was made and entered on the 12th day of September, A. D. 1928, and said motion to set aside default was filed in the City Court on the 20th day of July, A. D. 1929, more than six months thereafter, and for the further reason that the said judgment of the city court had become final, and the court had lost jurisdiction, and for the reason that the same is contrary to law.

"3. The court erred in making its findings of fact and conclusions of law for the reasons set forth in assignment No. 2.

"4. The court erred in making and entering its judgment for the reasons set forth in assignment No. 2."

By assignments Nos. 1 and 2 we are asked to review the rulings of the district court in denying a motion to dismiss the defendant's appeal from the judgment of the city court for the various reasons therein stated, and the ruling permitting the defendant to file his answer in the district court; but neither the rulings nor the motions to which they refer are before us. The appeal is taken upon the judgment roll without a bill of exceptions, and, so far as the record shows, no exceptions were taken to such rulings, nor does it appear that the rulings were made in the absence of the plaintiff so as to become part of the judgment roll under the provisions of Comp. Laws Utah 1917, § 6966 and §6867, as amended by Laws Utah 1925, c. 52. Such rulings, therefore, cannot be considered by this court. *Hecla G. Mng. Co.* v. *Gisborn*, 21 Utah 68, 59 P. 518.

By the third and fourth assignments appellant contends that the court erred in making findings, conclusions, and judgment for the reasons set forth in assignment No. 2. Of the reasons therein set forth there is but one which can be considered on this appeal; that is that the judgment of the city court had by lapse of time become final and unappealable, and for such reason the district court had no jurisdiction to entertain the appeal.

Comp. Laws Utah 1917, § 7514, providing for appeals from judgments in a justice's court is by Comp. Laws Utah 1917, § 1717, as amended by Laws Utah 1919, c. 34, made applicable to appeals from judgments in a city court, and, among other things, provides:

"Any person dissatisfied with a judgment rendered in a justice's court, whether the same was rendered on default or after trial, may appeal therefrom to the district court of the county * * * within thirty days after the rendition of any final judgment. Notice of the entry of judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of said notice."

Section 7029 provides:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned for want of bail."

Appellant contends that these two sections must be construed together, and, as the defendant was in default, he was not entitled to notice of the entry of the judgment against him, and the time for appeal expired thirty days after the entry of the judgment, and without notice. Considering the genesis and the history of these respective sections, we do not think the contention of the appellant is at all warranted. With slight differences in the phraseology of the first part, sec. 7029 first appeared in the statutes of Utah as section 497 of the Civil Practice Act of 1870. Laws Utah 1870, p. 103; Comp. Laws Utah 1876, § 1722. It appeared in its present form as section 895 of the Code of Civil Procedure adopted in 1884. Laws Utah 1884, p. 315. Since then it has remained unchanged. Comp. Laws Utah 1888, § 3679; Rev. Stat. Utah, 1898, § 3334; Comp. Laws Utah 1907, § 3334; Comp. Laws Utah 1917, § 7029.

The Civil Practice Act of 1870 authorized appeals to the probate court from judgments in a justice's court within thirty days after judgment. Laws Utah 1870, p. 119; Comp. Laws Utah 1876, § 1805. The Code of Civil Procedure of 1884, § 854, authorized such appeals to the district court within thirty days. In the Revised Statutes of 1898, this provision appears as section 3744, and appeals from default judgments are for the first time expressly provided for by the insertion of the phrase "whether the same was rendered on default, or after a trial." Until 1907 no notice was required to be given of the entry of judgment to start the running of the thirty days in which an appeal could be taken, but in that year the section was amended to provide that

the time of appeal should date from the service of notice of rendition of judgment, and required service of such notice by publication when personal service could not be had. Laws Utah 1907, c. 160. By the same enactment section 3750, now section 7520, was amended to provide that the failure to serve and file notice of appeal within thirty days after notice of rendition of judgment, was the only failure in an attempted appeal which would defeat the jurisdiction of the district court over the case attempted to be appealed.

The language of the quoted portion of section 7514 is, in our opinion, unambiguous and susceptible of but one meaning; that is, that an appeal may be taken from a judgment of a justice's court, whether rendered by default or after trial, within thirty days, and that the time for taking such appeal dates from the service of notice of the entry of judgment. If there were any conflict between the provisions of section 7029 and 7514, when we consider that section 7029 was adopted in 1870 and that the provisions of section 7514 now under consideration were adopted in 1907, the provisions of the latter section would of necessity prevail as being the latest expression of the legislative intent.

While we are not required in this action to construe the provisions of section 7029, it may not be amiss to mention decisions of this court holding that a defaulting defendant is entitled to be served with an amended complaint, and that a judgment rendered on an amended complaint without service on such defaulting defendant is void. *Thero* v. *Franklin*, 48 Utah 587, 160 P. 1188; *Franklin* v. *Thatcher*, 53 Utah 397, 178 P. 922.

Appellant further contends that if he be wrong in his contention that where a judgment is rendered by default no notice of the entry of judgment is necessary to start the running of the 30 days in which to appeal, then the time for taking an appeal would expire at the very latest six months after the entry of judgment. Apparently this contention is based on the decision in *Fowler* v. *City Court*, 54 Utah 541, 182 P. 205, where this court held

that the power of a city court to grant relief under Comp. Laws Utah 1917, § 6619, from a default judgment was limited to six months from the entry of the judgment. There is no merit in this contention for the reason that, as we have seen, the time for taking an appeal dated from notice of the entry of judgment, not from the date of the entry of the judgment, or the adjournment of the term. In the absence of notice of the entry of judgment, an appeal taken more than six months after its entry is in due time, notwithstanding the judgment debtor may have had actual knowledge of its entry. *Campana* v. *District Court,* 68 Utah 517, 251 P. 26.

Finding no error in the record before us, the judgment is affirmed, with costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.