HARRIS AUTOMATIC PRESS CO. v. DEMOREST PATTERN CO.

(Supreme Court, Appellate Term. June 22, 1905.)

1. CHATTEL MORTGAGES—RIGHT OF FORECLOSURE—FORM.
   A chattel mortgage providing for entry, possession, and sale on default in payment of the installments therein conditioned to be paid need not declare that the right of foreclosure is not taken from the mortgagee by provision for sale under the power mentioned.

2. FOREIGN CORPORATIONS—ACTIONS BY—PLEADING—COMPLIANCE WITH LAWS.
   In an action by a foreign corporation, failure to plead its compliance with the laws regarding permission to do business in the state was not reversible error where defendant answered with a general denial on information and belief, even as to its own incorporation, as it thereby waived its right to raise the question.

Appeal from City Court of New York.

Action by the Harris Automatic Press Company against the Demorest Pattern Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Benjamin Franklin, for appellant.
Chrystie, Brightman & Douglas, for respondent.

MacLEAN, J. On December 10, 1903, the defendant executed and delivered to the plaintiff a chattel mortgage providing for entry, possession, and sale upon default in the payment of any of the installments therein conditioned at stated times to be paid. The defendant thereafter defaulted, and the plaintiff, as was its right, foreclosed—a right not taken from it by provision for sale under the power mentioned (Briggs v. Oliver, 68 N. Y. 336, 339), and it was not necessary that the mortgage should so declare (Bragelman v. Daue, 69 N. Y. 69, 74). Nor was it reversible fault that the plaintiff, a foreign corporation, failed to plead its compliance with our laws in regard to permission to do business here, for the defendant, answering with a general denial, upon information and belief, even as to its own incorporation, waived its right to raise the question. C. R. Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.