Argued at Pendleton May 6; affirmed July 1; rehearing denied
September 4, 1930

## OLSEN ET AL. *v.* CROW ET AL.

(290 P. 233)

*L. Z. Terrall* of Union (George W. Cherry of Enterprise, on the brief) for appellants.

*J. A. Burleigh* of Enterprise for respondents.

314

BROWN, J. ■ From the earliest times in the jurisprudence of Oregon (See *Wells, Fargo & Co. v. Wall,* 1 Or. 295) to the decision of the recent case of *Dixon v. Simpson,* 130 Or. 211 (279 P. 939), the public policy of this jurisdiction has demanded that there should be an end of litigation, "and the courts look with a jealous eye upon suits which have for their object the setting aside of a judgment at law."

■ In the case at bar, the story told by the record tends to show that, for nearly three years after the rendition of the judgment against them, Leonard Olsen and Myrtle Crosland neglected to avail themselves of the remedy at law for obtaining relief therefrom. The rule governing in any given situation similar to the present one is indicated by Corpus Juris in the following language:

"Relief will in no case be granted where the loss of the remedy at law was due to the party's own negligence or fault or that of his counsel": 34 C. J., 438.

This principle of law is well established.

The same authority, in dealing with the subject of equitable relief against judgments, says, at page 439:

"A person having a direct pecuniary interest in a suit, who has an adequate remedy at law, or who had full knowledge of the pendency of the suit, and neither sought to become a party thereto nor made any effort to intervene therein so as to protect his rights, cannot, after rendition of judgment, sue to set such judgment aside or to restrain its enforcement."

And at page 442, the author, treating of equitable relief against judgments by default, says:

"A court of equity will not grant relief against a judgment taken by default where the applicant, shown to have been duly served with summons, failed to avail himself of an opportunity to defend, such failure not being the result of fraud, accident or mistake, unmixed with laches on his part. Where a judgment by default is obtained against a party by his own neglect, it constitutes no ground for equitable intervention that his adversary obtained more relief than he was entitled to."

Another interesting and helpful discourse concerning the question at issue appears in 3 Freeman on Judgments (5th Ed.), § 1213, where it is written:

"These principles (respecting grounds for obtaining relief from judgments or decrees) can be best illustrated and supported by reference to some of the opinions expressed by the highest authorities both in England and in the United States. 'I do agree the court ought to be very tender how they help any defendant after a trial at law in a matter where such defendant had an opportunity to defend himself.' * * * 'A court of equity, therefore, will not lend its aid unless the party claiming its assistance can impeach the judgment by facts or on grounds of which he could not have availed himself at law, or was prevented from doing it by fraud or accident or the act

of the opposite party, *unmixed with negligence or fault on his own part.*' 'When a party has once an opportunity of being heard, and neglects to do so, he must abide the consequences of his neglect. A court of equity can not relieve him though the judgment is manifestly wrong.' \* \* \* A court of equity does not interfere on the ground that injustice has been done, or that a judgment is wrong in law or in fact, or that its enforcement will work a great hardship, unless the party complaining was, without his fault, deprived of his opportunity to present his defense in the original action on the merits."

At no time during the statutory period of one year after notice of judgment did the plaintiffs in the instant case make any effort to bring their cause within the provisions of Or. L., § 103, under which the court may, "in its discretion, and upon such terms as may be just, \* \* \* relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In the recent case of *Dixon v. Simpson*, supra, the court quoted the following excerpt from *Wells Fargo & Co. v. Wall*, supra:

"It may be premised that courts of equity never did interfere with legal proceedings, while there was a full and adequate remedy at law. Nor will this court interfere with judgments at law, and take jurisdiction, unless it shall appear that the party has used due diligence, exhausted every means, and failed through ignorance of some fact, or was prevented from availing himself of his defense by fraud, accident, or by the act of the opposite party, *unmixed with negligence or fault on his part.*"

See, also, *Friese v. Hummel*, 26 Or. 145 (37 P. 458, 45 Am. St. Rep. 610).

■ In the case at bar, each note gives rise to a separate cause of action, "although there can be but one satisfaction of the amount of the debt. This rule applies in the case of a principal debt with a collateral note or bond, and also in the case of a note or bond with a mortgage given as security therefor." 1 C. J., 1115. The plaintiffs knew, or at all times should have known, of the relevant facts in relation to the matter of the execution and delivery of the second note and the mortgage securing payment of the same. They have called no witness outside of their own family, and the different members thereof reside in the same community and are intimately associated. Leonard Olsen, now deceased, knew all of the facts, and he urged his brother Oscar to execute and deliver to these defendants the additional security. Upon the original note plaintiffs received credit for about $1,100 that arose out of the judgment rendered in the suit to foreclose the mortgage securing the note pledged as collateral. Both Leonard Olsen and his sister Myrtle were duly served with summons and complaint, and though they had an opportunity to make whatever defense they had they wilfully refrained from exercising that right. In the light of the authorities noted, they are not entitled to relief in equity.

The plaintiffs assert that defendants have failed to plead laches upon the part of plaintiffs. This contention is erroneous. The defendants pleaded fully the facts constituting plaintiffs' negligence, and, under the decisions of this court, their pleading is sufficient: *Carlyle v. Sloan*, 44 Or. 357 (75 P. 217).

This cause is affirmed, without costs in this court.

McBRIDE, J., absent.