Argued October 6; affirmed October 25; rehearing denied November 22, 1932

## WALLING *v.* LEBB ET AL.

(15 P. (2d) 370)

See 15 R. C. L. 864 (6 Perm. Supp. 4000).

*G. E. Hamaker,* of Portland (Dow V. Walker, of Portland, on the brief), for appellant.

*Leo Levenson* and *W. W. Dugan, Jr.,* both of Portland (Gus J. Solomon, of Portland, on the brief), for respondents.

BROWN, J. Among the reasons urged by plaintiff in this cause to justify the annulment of the judgment at law is the alleged failure of the complaint in that case to state facts sufficient to constitute a cause of action.

■ The writer does not concur in this contention. The pleader in drafting his complaint in that case painted the defendant therein as a deep-dyed defrauder who had wronged the plaintiff, and then alleged facts that constituted fraud on the part of that defendant. True, the complaint in that case was not concise in its statement of facts; nevertheless, the matter contained therein was sufficient to constitute fraud. But suppose, for the purpose of argument, that that pleading was insufficient. That fact, in itself, would not be ground for the annulment of the judgment rendered in the case.

In the case of *Redfield v. First Nat. Bank of Brigham City*, 66 Utah 459 (244 P. 210), the Supreme Court of Utah, in passing upon the matter of defective pleadings, held:

"Where court has jurisdiction of subject-matter and of person, equity will not restrain enforcement of judgment, nor vacate it, because complaint is fatally defective." Syl., Point 3.

The same view is taken by the Oklahoma Supreme Court in the case of *Stauffer v. Watts*, 73 Okla. 68 (174 P. 1031), where it was held:

"Where the court has jurisdiction of the subject-matter and the parties, with power to grant relief, the fact that the petition may be defective in stating a cause of action, if the relief sought by the petitioner can be ascertained, the judgment rendered thereon is not void." Syl., Point 2.

Also, see, *Christerson v. French*, 180 Cal. 523 (182 P. 27), and the many authorities contained therein in support of the proposition that a judgment is not void if the court has jurisdiction of the parties and the subject-matter irrespective of whether the complaint states a cause of action, as long as it apprises the defendant of the nature of plaintiff's demand, and the case of *United States National Bank of Portland v. Humphrey*, 49 Idaho 363 (288 P. 416), which affirms this doctrine. This principle is enunciated in 23 Cyc. 927, where the author says, in substance, that a proceeding to vacate a judgment cannot be sustained on any grounds which, with proper care and diligence, could have been pleaded in defense to the action.

The question of the right to vacate a judgment rendered in an action at law has been before our own court from time to time, and the position taken by the court has been clearly stated. Therefore, no good can

result from an attempt to enlarge upon what has already been written upon the subject. The question was thoroughly digested in the case of *Olsen v. Crow,* 133 Or. 310 (290 P. 233), and we call attention to that case, wherein the court said, in part:

"From the earliest times in the jurisprudence of Oregon (see Wells, Fargo & Co. v. Wall, 1 Or. 295) to the decision of the recent case of Dixon v. Simpson, 130 Or. 211, 279 P. 939, the public policy of this jurisdiction has demanded that there should be an end of litigation, 'and the courts look with a jealous eye upon suits which have for their object the setting aside of a judgment at law.'

"In the case at bar, the story told by the record tends to show that, for nearly three years after the rendition of the judgment against them, Leonard Olsen and Myrtle Crosland neglected to avail themselves of the remedy at law for obtaining relief therefrom. The rule governing in any given situation similar to the present one is indicated by Corpus Juris in the following language:

" 'Relief will in no case be granted where the loss of the remedy at law was due to the party's own negligence or fault or that of his counsel.' 34 C. J. 438.

"This principle of law is well established.

*      *      *      *      *

"Another interesting and helpful discourse concerning the question at issue appears in 3 Freeman on Judgments (5th Ed.), § 1213, where it is written:

" 'These principles (respecting grounds for obtaining relief from judgments or decrees) can be best illustrated and supported by reference to some of the opinions expressed by the highest authorities both in England and in the United States: "I do agree the court ought to be very tender how they help any defendant after a trial at law in a matter where such defendant had an opportunity to defend himself." * * * "A court of equity, therefore, will not lend its aid unless the party claiming its assistance can

impeach the judgment by facts or on grounds of which he could not have availed himself at law, or was prevented from doing it by fraud or accident or the act of the opposite party, unmixed with negligence or fault on his own part." "When a party has once an opportunity of being heard, and neglects to do so, he must abide the consequences of his neglect. A court of equity cannot relieve him though the judgment is manifestly wrong." * * * A court of equity does not interfere on the ground that injustice has been done, or that a judgment is wrong in law or in fact, or that its enforcement will work a great hardship, unless the party complaining was, without his fault, deprived of his opportunity to present his defense in the original action on the merits.'

&ast; &ast; &ast; &ast; &ast;

"In the recent case of Dixon v. Simpson, supra, the court quoted the following excerpt from Wells Fargo & Co. v. Wall, supra:

" 'It may be premised that courts of equity never did interfere with legal proceedings, while there was a full and adequate remedy at law. Nor will this court interfere with judgments at law, and take jurisdiction, unless it shall appear that the party has used due diligence, exhausted every means, and failed through ignorance of some fact, or was prevented from availing himself of his defense by fraud, accident, or by the act of the opposite party, unmixed with negligence or fault on his part.' "

See, also, *Hollinger v. Reeme,* 138 Ind. 363 (36 N. E. 1114, 46 Am. St. Rep. 402, 24 L. R. A. 48).

■ Among the exhibits in this case, we find a "Debtor's Petition," made, signed, and filed by Ben F. Walling, "of Portland, in the county of Multnomah and District and State of Oregon," within 10 days after the rendition of the judgment in the former case, wherein there is listed the fifteen hundred dollar judgment obtained by Lebb against Walling. More-

over, the records received in evidence in this cause clearly establish that Ben F. Walling, the defendant in the former case, was duly summoned to appear and answer in the circuit court for Multnomah county the complaint on file therein, and that, within 10 days following the service of process upon him, he answered the complaint by filing a demurrer predicated upon the alleged ground that the complaint failed to state facts sufficient to constitute a cause of action. As to any and all subsequent negligence upon his part, the result hereinbefore indicated is inevitable.

After a careful consideration of the testimony of record and the exhibits in evidence in this cause, we are constrained to affirm the judgment rendered by the court below. It is so ordered.

BELT, ROSSMAN and CAMPBELL, JJ., concur.