Argued March 14; affirmed April 3, 1934

WINTERS ET UX. *v.* FALLS LUMBER CO. ET AL.

(31 P. (2d) 177)

*John Irwin,* of Klamath Falls (Oneill & Irwin, of Klamath Falls, on the brief), for appellant.

*William Ganong,* of Klamath Falls (A. W. Schaupp, of Klamath Falls, on the brief), for respondents.

BAILEY, J. This suit involves the validity of a decree foreclosing three separate mechanics' liens filed and foreclosed by three of the defendants herein, through which foreclosure proceedings two of the individual defendants in this suit claim to have become owners, as trustees for the other defendants, of the real property here involved.

Five assignments of error are presented for our consideration, to wit: (1) That the liens filed failed to state to whom the materials had been furnished; (2) that because the notices of lien stated that H. J. Winters was the owner or reputed owner, while the pleadings alleged that he and his wife were the owners, there was a fatal variance between the notices or claims of lien as filed and the pleadings, whereby the liens were invalidated; (3) that the court erred in holding that Mary E. Winters was not a necessary party to the foreclosure proceedings; (4) that the court erred in permitting the defendants in this suit to go outside the record in the foreclosure proceedings to show that Mary E. Winters was not a necessary party in such proceedings; and (5) that the court erred in holding that the notices given by the lien claimants to H. J. Winters only, as to the furnishing of materials, sufficiently complied with the law.

At the time of the trial in the circuit court Mary E. Winters was dead. The title to the property involved had been taken in the name of H. J. Winters and was held by him at the time the materials were furnished and the liens foreclosed. During all that time, however, Mary E. Winters was living and was the wife of H. J. Winters.

On April 16, 1931, Falls Lumber Company instituted suit in the circuit court of the state of Oregon for Klamath county against H. J. Winters, Mary E. Winters, his wife, and numerous other parties, to foreclose a mechanic's lien which had previously been filed by the plaintiff therein. Thereafter one of the defendants in that suit and in this, Plumbing & Heating Sales Corporation, filed an answer and cross-complaint for the foreclosure of a lien which that corporation had on the same property. And about the same time there was another answer with cross-complaint filed by Charles D. Garcelon and Effie G. Garcelon, copartners doing business as The Electric Shop, to foreclose a mechanic's lien which they held on the same property. Summons, complaint and cross-complaints were duly and regularly served on both H. J. Winters and Mary E. Winters in Klamath county, Oregon.

Both H. J. Winters and Mary E. Winters failed to appear in the above proceedings, and orders of default and decree were entered against them, foreclosing the liens and ordering the property sold. Later the sheriff sold the property, the sale was confirmed and upon the expiration of the period of redemption a deed for the property was issued by the sheriff to two of the individual defendants in this proceeding as trustees for the other defendants herein, the lien claimants in the foreclosure proceedings. The deed from the sheriff

was delivered on or about September 12, 1932, and the present suit was filed on October 6 of the same year.

The lien notice of the Falls Lumber Company, after stating that said company claimed a mechanic's lien upon the building and real property here involved, further recited:

"The lien hereby claimed is for materials furnished and delivered at said premises to be used and which were used in the construction of said building and upon said building at the instance and request of C. R. Gebert.

"At the time commencing to furnish said materials and to perform said labor H. J. Winters was the owner or reputed owner of said building and H. J. Winters is now the owner thereof. That H. J. Winters is the owner of said land and had knowledge of the construction, alteration and repair of said building, and caused the same to be done.

"In the construction, alteration and repair of said building C. R. Gebert was the contractor and agent of said H. J. Winters."

The lien further set out the dates between which the materials were furnished; the contract and reasonable price thereof; the amount then due the claimant; the averment that not later than five days after the date of the first delivery of the materials mentioned herein the claimant mailed to H. J. Winters, "the owner or reputed owner of said property", a notice stating that claimant had commenced to deliver materials and supplies for use on said premises; and other matters not essential here to mention.

The liens filed by The Electric Shop and Plumbing & Heating Sales Corporation were for work performed and materials furnished in the construction of the building on the land here involved, at the request of

C. R. Gebert, the agent of H. J. Winters, and were substantially like the lien filed by Falls Lumber Company.

In the complaint filed by Falls Lumber Company in the foreclosure proceedings it was alleged that during all the times therein mentioned H. J. Winters and Mary E. Winters, his wife, were "the owners and/or reputed owners" of the property described in the complaint; that one C. R. Gebert "was employed as contractor by said H. J. Winters and Mary E. Winters, his wife, to construct an apartment house upon the real property" described in the complaint; and that during all said time C. R. Gebert was the agent of H. J. Winters and Mary E. Winters. That complaint further alleged that not later than five days following the date of the first delivery of materials the claimant mailed to H. J. Winters, "the owner or reputed owner of said property", a notification that the plaintiff in that suit had commenced to furnish materials for the building to be erected on the real property referred to in the lien claim. The cross-complaints contained like allegations.

■ The first contention made- by the appellant herein is that the notices of lien filed by Falls Lumber Company and the other claimants failed to state to whom the materials were furnished by the claimants and were therefore invalid, and in support of this argument reference is made to *Rankin v. Malarkey,* 23 Or. 593 (32 P. 620, 34 P. 816) ; *Dillon v. Hart,* 25 Or. 49 (34 P. 817) ; *Leick v. Beers,* 28 Or. 483 (43 P. 658) ; *Getty v. Ames,* 30 Or. 573 (48 P. 355, 60 Am. St. Rep. 835). Even a cursory reading of the notices of lien in the foregoing cases will readily disclose that they are entirely different from the claims of lien here involved. Moreover, the language used by this court in the cases

relied upon by the appellant, when taken in its entirety and with reference to the facts in those cases, does not lend support to appellant's contention.

The form of the lien notice filed by Falls Lumber Company is, with the exception of the names of the parties, designation of materials, amount of lien, date, and description of property, identical with the claim of lien involved in *McCormack v. Bertschinger,* 115 Or. 250 (237 P. 363). In the latter case the appellant raised on appeal this same question as to the sufficiency of the lien claim, and cited in support of his contention the same authorities, hereinbefore mentioned, relied upon by the appellant on this appeal. In a vigorous dissenting opinion, concurred in by Mr. Chief Justice McBride, Mr. Justice Burnett discussed at considerable length the question now under review and some of the decisions of this court now relied upon by appellant herein, without directly concluding that the lien notice was invalid on that account. The opinion of the majority of the court in *McCormack v. Bertschinger,* supra, in upholding the claim of lien does not specifically discuss this question, but holds that the lien notice there involved was substantially in accordance with the requirements of the law and was valid. Based upon the foregoing decision and our independent consideration of this matter, we are of the opinion that the notice of lien here involved substantially complies with the law in the respect hereinbefore mentioned.

The four remaining assignments of error are so closely related that they will be considered together. Section 51-105, Oregon Code 1930, requires that the claim of lien shall give "the name of the owner, or reputed owner, if known". Here we find the lien claimants stating in their notices of lien that H. J. Winters

is the "owner or reputed owner" of the property against which the notices have been filed. These same notices further state that H. J. Winters had been, by each of the claimants, within five days of the time of commencing to furnish materials, notified in writing of the fact that materials were being furnished by the claimants.

According to the uncontroverted facts in this case, H. J. Winters became the owner in fee simple of the property here involved some time before the lien claimants began to furnish materials or perform labor on the apartment house which was being constructed thereon, and continued as such owner until foreclosed by the proceedings instituted by the lien claimants.

At the time the materials were furnished and the liens foreclosed Mary E. Winters had only a potential or inchoate right of dower. Within the purview of § 51-105, supra, H. J. Winters was at all times during the furnishing of the materials and the foreclosing of the liens the owner of the lots upon which the apartment house was being constructed, and it was not necessary to name his wife in the lien notices as one of the owners or reputed owners of the premises. Section 1-901, Oregon Code 1930, provides that: "No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." The allegations in the complaint to the effect that H. J. Winters and his wife were the owners of the property did not, in view of the circumstances of this case, constitute a material variance, since Mary E. Winters, as above stated, had a potential or inchoate right of dower in the property. Whether Mary E. Winters was or was

not a necessary or proper party to the foreclosure suit is not necessary for us to decide here and we express no opinion thereon, as whatever right she had was extinguished by her death.

■ The circuit court acquired jurisdiction, in the foreclosure suit, over H. J. Winters and Mary E. Winters, his wife. It also had jurisdiction over the real property involved in that proceeding. The decree there rendered does not show that it is void on its face, and the facts in that case do not indicate that the decree was erroneous. It might be that had H. J. Winters and Mary E. Winters, or either of them, appeared in that proceeding, the decree would have been different. Inasmuch, however, as they did not contest that suit and no contention is now made that there was any fraud perpetrated upon them in that proceeding, the decree therein is final and conclusive upon them: Section 9-618, Oregon Code 1930; *Olson v. Crow,* 133 Or. 310 (290 P. 233); *Walling v. Lebb,* 140 Or. 691 (15 P. (2d) 370).

As we find no error, the decree appealed from is affirmed.

RAND, C. J., BEAN and CAMPBELL, JJ., concur.